IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| AMORIO MARNEL LUCAS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:11-CV-227 (MTT) |
| | : | |
| DARRELL HART, Warden, | : | |
| | : | Proceeding under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Respondent Darrell Hart has filed a Motion to Dismiss the above-captioned petition, alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Doc. 6. Because Petitioner failed to file his petition within the one-year period of limitation and has failed to show adequate grounds for equitable tolling, it is hereby **RECOMMENDED** that the petition be **DISMISSED**.

PROCEDURAL HISTORY

On October 17, 2005, Petitioner was indicted in the Dooly County Superior Court on charges of aggravated child molestation and child molestation. Resp. Ex. 3 at 3-5 (Doc. 8-3). On February 9, 2007, a jury found Petitioner guilty of aggravated child molestation, and Petitioner was sentenced to twenty years, with ten years to be served in prison and the balance on probation. Resp. Ex. 3 at 1 (Doc. 8-3). On February 4, 2009, Petitioner's conviction was affirmed by the Georgia Court of Appeals. Lucas v. State, 673 S.E.2d 309 (2009). On June 8, 2011, Petitioner filed the present Petition for Writ of Habeas Corpus.

DISCUSSION

Respondent contends that Petitioner's federal habeas corpus petition should be dismissed as untimely because Petitioner failed to submit his petition within one year of Petitioner's conviction becoming final. An individual seeking a federal writ of habeas corpus must file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] A conviction becomes final on the date of the United States Supreme Court's denial of a petition for writ of certiorari or when the time for filing a petition for certiorari has expired. Clay v. United States, 537 U.S. 522, 527 (2003). Unless there is a clear statutory or constitutional bar to higher state court review, the U.S. Supreme Court requires petitioners to seek review in the state's highest court before considering a petition for certiorari. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006). If the petitioner fails to seek review in the state's highest court, the conviction becomes final when the time to seek review in the state's highest court has expired. See id. at 1299-3000.

In this case, Petitioner failed to execute his federal habeas corpus petition within the one-year statutory requirement. The Georgia Court of Appeals affirmed Petitioner's convictions on February 4, 2009. Under Rule 38 of the Georgia Supreme Court's Rules and Rule 38 of the Georgia Court of Appeals' Rules, Petitioner had ten (10) days from that decision either to move for reconsideration or to file a notice of intent to apply for certiorari to the Georgia Supreme Court. The record reflects that Petitioner did not move for reconsideration or file a petition for writ of certiorari. Accordingly, Petitioner's convictions were final on February 14, 2009. Petitioner states in his petition that he did not file a petition for habeas corpus in the state courts.

---

[1] The one-year limitation may be triggered by other events described in 28 U.S.C § 2244(d)(1); however, none of those grounds are applicable in this case.

Instead, he filed the present federal petition 844 days after his conviction became final, well outside the one year limitations period of 28 U.S.C § 2244.

Petitioner contends that the court should consider his untimely petition based on equitable tolling. Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if it was untimely filed because of "extraordinary circumstances that [were] both beyond [the petitioner's] control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). If the petitioner makes no effort to demonstrate that he meets the necessary criteria, he is not eligible for equitable tolling. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).

Petitioner has failed to establish that equitable tolling is appropriate in this case. Petitioner's only argument for equitable tolling is that his appointed counsel told promised to file the necessary motions for Petitioner "to keep [his] rights," but failed to file a petition for habeas corpus. Pet. Resp. at 1 (Doc. 9-1). Attorney error is not sufficient to warrant equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007). Additionally, there is nothing in the record to suggest that Petitioner was diligent in pursuing his rights. Accordingly, Petitioner is not entitled to equitable tolling.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still

be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Recommendation.

## CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED,** the instant Section 2254 petition for writ of habeas corpus be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 1st day of November, 2011.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge